UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | No. 2:11-cv-02922 TLN DAD P |
| Plaintiff, | |
| v. | ORDER |
| M. DOWNING, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's request for a 90-day extension of time to conduct discovery, plaintiff's request to increase the permissible number of interrogatories, and defendant's request for an extension of time to respond to plaintiff's request for admissions.

**I. Plaintiff's Motion to Extend Discovery Deadline**

On December 19, 2013, the court filed its Discovery and Scheduling Order which set April 11, 2014 as the deadline for the completion of discovery in this civil rights action. (ECF No. 47 at 5.) Under that order discovery requests must be served no later than sixty days prior to the April 11, 2014 deadline and responses are due forty-five days after the request is served. (Id. at 4-5.)

Plaintiff asserts that he has served defendant Downing with discovery requests and that the defendant's responses are due February 14, 2014. Plaintiff contends that he is not able to

conduct further "'meaningful'" discovery until he receives defendant Downing's responses[1] and that by that time the February 11, 2014 deadline for the serving of discovery requests will have passed. (ECF No. 51 at 2.) Plaintiff also contends that his access to the prison law library is less than four hours per week and that although he has attempted to obtain defendant's stipulation to extend the discovery cutoff date, defendant has not responded to plaintiff's letter. (Id.)

On February 11, 2014, defendant filed a "[l]imited [o]pposition to plaintiff's request for an extension of time." (ECF No. 52 at 1.) Defendant contends that plaintiff has served extensive discovery requests in this action. Defendant represents that on December 31, 2013, plaintiff served two sets of requests for admission (totaling 62 requests), one set of requests for production of documents (30 requests) and one set of interrogatories (9 interrogatories). (ECF No. 52-1 at 1.) On January 26, 2014, plaintiff also served one interrogatory, three requests for the production of documents, and twelve requests for admission. (Id. at 2.) Defendant argues that plaintiff has failed to explain what additional discovery he needs to propound and has failed to show good cause for a ninety-day extension of time to conduct discovery in this action. (ECF No. 52 at 1-2.) As a compromise, however, defendant does not oppose a thirty-day extension of time for both parties to complete discovery and to file dispositive pretrial motions. (Id. at 1-2.) In this regard, defendant proposes a new May 11, 2014 discovery cutoff date.

The court concludes that plaintiff has failed to explain what further discovery he plans to conduct and why a three-month extension of time is necessary for that purpose. On the other hand, it appears that for some reason plaintiff anticipates the need for further discovery after the responses are received to his most recent discovery requests of January 26, 2014. If plaintiff is correct at all, were the discovery cutoff date in this action extended for one month to May 11, 2014, as defendant proposes, any discovery requests served after March 12, 2014, would be untimely. Therefore, the court will grant plaintiff a slightly longer extension of time to conduct discovery than that proposed by defendant and will extend the discovery cutoff date in this case to June 2, 2014.

---

[1] Plaintiff, however, does not explain why he believes this to be the case. Nor does he explain why he did not propound additional discovery requests earlier.

**II. Defendant's Request Extension of Time to Respond to Plaintiff's Discovery Request**

On February 12, 2014, defendant filed a request for a ten-day extension of time to respond to plaintiff's request for admissions, set two, which was served on December 31, 2013. (ECF No. 53 at 1 n.1.) Counsel for defendant provides the following explanations for the delay in completing the responses to plaintiff's request for admissions: (1) defendant Downing is no longer employed by the California Department of Corrections and Rehabilitation and when defendant Downing was initially contacted to prepare his responses, he was out of town for a week; (2) the person who must review documents for authentication purposes in order to respond to the request for admissions is out of the office and will not return until the following week; and (3) defendant's counsel needs additional time to locate and review documents and to thereafter prepare responses to plaintiff's request for admissions. (Id. at 2.) A ten-day extension of time would require that defendant's responses by provided by February 24, 2014. (Id. at 3.) Good cause appearing, the defendant's request for extension of time will be granted.

**III. Plaintiff's Request to Exceed the Limit on the Number of Interrogatories Posed**

In this request, plaintiff seeks leave of court to propound fifty interrogatories as opposed to the twenty-five provided under Rule 33(a)(1) of the Federal Rules of Civil Procedure.[2] (ECF No. 54 at 1.) Plaintiff contends that he sought a stipulation from defendant's counsel in this regard but received no response to his letter. (Id. at 1-2.) Plaintiff merely supports his request by stating in conclusory fashion that because he is not deposing witnesses, the additional twenty-five interrogatories he seeks to propound "are needed to adequately prepare this case for trial." (Id. at 2.)

To obtain an order allowing more than 25 interrogatories, a party must make a "particularized showing" why the additional discovery sought is necessary. Archer Daniels

---

[2] Rule 33(a)(1) provides:

> Unless otherwise stipulated or ordered by the court, a party may serve any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

3

Midland Co. v Aon Risk Services, Inc. of Minn., 187 FRD 578, 586 (D. Minn. 1999). Here, plaintiff has made no such particularized showing. Moreover, plaintiff has already propounded extensive written discovery and has not explained what further information he seeks from defendant Downing that requires an additional 25 interrogatories. Accordingly, the court will deny plaintiff's request.

**IV. Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 29, 2014 motion for an extension of time to conduct discovery and submit pretrial motions (ECF No. 51) is granted in part;

2. The court's discovery and scheduling order filed on December 19, 2013 is modified as follows:

   a. The April 11, 2014 deadline for the conducting of discovery and the filing of motions to compel discovery is vacated and re-set for June 2, 2014;

   b. The July 7, 2014 deadline for the filing of pretrial motions is vacated and re-set for September 1, 2014;

3. Defendant's February 12, 2014 request for an extension of time (ECF No. 53) is granted;

4. On or before February 24, 2014, defendant shall serve his responses to plaintiff's request for admissions, set two (served December 31, 2013); and

5. Plaintiff's February 13, 2014 request to serve an additional 25 interrogatories over and above the 25 interrogatory limit provided by Rule 33(a)(1) of the Federal Rules of Civil Procedure (ECF No. 54) is denied.

Dated: February 19, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
atch2922.eotdisc